MUNICIPIO DE AIBONITO
Recurrente

v.

OFICINA DEL COMISIONADO DE ASUNTOS MUNICIPALES Y/O JOSE A. OTERO GARCIA,
COMISIONADO DE ASUNTOS MUNICIPALES
Recurridos

Núm. KLRA-99-00121

San Juan, Puerto Rico, a 8 de junio de 1999

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Aponte Jiménez y Giménez Muñoz

Alfonso de Cumpiano, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El municipio de Aibonito (el municipio) solicita la revisión de una decisión de la Oficina del Comisionado de Asuntos Municipales (OCAM), mediante la cual se denegó su solicitud de fondos, provistos por el Departamento Federal de la Vivienda (HUD) a través del programa *"Community Development Block Grant"* (CDBG). Plantea, en síntesis, que OCAM erró al no hacer las determinaciones de hechos que dieron base a su denegatoria y al no tomar en consideración los objetivos de la ley federal.

Considerada la resolución recurrida, los argumentos de las partes, el expediente y el derecho aplicable, resolvemos expedir el recurso, dejar sin efecto dicha resolución y devolver el caso a OCAM para que exponga los fundamentos que sustenten su resolución, conforme lo aquí expresado.

## I

Los fondos federales a los que se refiere el recurso son concedidos anualmente por HUD para el desarrollo y mejoramiento de comunidades urbanas, en beneficio de personas de ingresos bajos y moderados en distintas ciudades de Estados Unidos, incluyendo a Puerto Rico, bajo el programa CDBG. 42 U.S.C.A sec. 5301-5302 (2). La ley federal que dispone los fondos clasifica a las ciudades de acuerdo a su población, como *"non-entitlement"* si su población es menor de 50,000 habitantes y si la población es mayor, como *"entitlement"*. Las ciudades clasificadas *"entitlement"* reciben los fondos directamente de HUD, mientras que las clasificadas *"non-entitlement"* no los reciben directamente, sino que se asignan al estado para su distribución. En Puerto Rico, 59 municipios están clasificados como *"non-entitlement"*, incluyendo el Municipio de Aibonito.

La ley federal establece que la distribución se llevará a cabo de acuerdo al método de distribución establecido en el Plan de Acción Estatal que debe adoptar el estado. 42 U.S.C.A. secs. 5304 (a) (1); 5306 (d). En dicho plan se debe especificar, entre otros, el procedimiento a seguir por cada municipio para la obtención de los fondos, así como el procedimiento de evaluación de las propuestas de los municipios elegibles a implantarse por la agencia estatal. Este procedimiento se basa en la competencia entre proyectos que cualifiquen para la obtención de los fondos. 24 C.F.R. sec. 91.320.

De conformidad con la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, Ley de Municipios Autónomos, OCAM es la entidad encargada de recibir y administrar los fondos asignados por HUD al programa CDBG. En 1998 OCAM sometió el plan que comprendería el año fiscal 1998-1999 en el cual se describe el procedimiento para la evaluación de las peticiones. Conforme éste, las solicitudes se evaluarán en bases competitivas, de acuerdo a los requisitos establecidos en las diferentes categorías y los criterios de selección. Según los diferentes requisitos con los que tiene que cumplir cada una de las propuestas, se otorgan puntuaciones por: necesidad (40 ptos.), impacto del proyecto (100 ptos.), rendimiento (30 ptos.) y puntuación discrecional (10 ptos.). Para que un proyecto pueda competir necesita obtener un mínimo de 90 puntos. Apéndice VII del recurso, págs. 236-246.

El municipio de Aibonito presentó su solicitud a OCAM para el año 1998-1999 bajo los requisitos de forma y contenido necesarios para ser elegible para la obtención de los fondos. En comunicación de 31 de agosto de 1998, OCAM le indicó al municipio que su solicitud no pudo ser aprobada, debido al número de propuestas, la cantidad limitada de fondos disponibles y la consideración de los requisitos en términos de prioridades, necesidad, viabilidad y razonabilidad de costos. Apéndice III del recurso, páginas 10-11. El municipio solicitó reconsideración ante OCAM, la que fue denegada luego de considerarse los señalamientos del municipio. Indicó que la denegatoria de fondos se debió única y exclusivamente a la relación de los proyectos presentados por el municipio en relación con los presentados por el resto de los municipios *"non-entitlement"*. Inconforme, el municipio presentó este recurso de revisión, siguiendo el apercibimiento de la resolución recurrida.

## II

Debemos enfocar, en primer lugar, los principios bajo los cuales revisamos decisiones administrativas de la naturaleza de la aquí cuestionada. La Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, establece expresamente que será de aplicación a los procedimientos administrativos conducidos ante todas las agencias que no estén expresamente exceptuados de la misma. 3 L.P. R.A. sec. 2103. La L.P.A.U. declara como política pública el alentar la solución informal de las controversias ante las agencias administrativas de manera que resulte innecesaria su solución formal. Establece, además, que

serán las agencias quienes establecerán reglas y procedimientos que permitan la solución informal de los asuntos sometidos ante su consideración. 3 L.P.R.A. sec. 2101.

La ley considera procedimientos informales, no sujetos a las disposiciones establecidas para procedimientos formales, los siguientes: la adjudicación de subastas, la concesión de préstamos, becas, subsidios, subvenciones, emisión de deudas y otros similares. Sección 3.1 de LPAU, 3 L.P.R.A., sec. 2151. No empece lo anterior, la reconsideración y revisión judicial se regirán, conforme la aludida disposición, por lo dispuesto en la sección 3.15 de L.P.A.U. para todos los procedimientos, excepto los de subasta, que se regirán por la sección 3.19 de la misma ley. 3 L.P.R.A. secs. 2165 y 2169. Los criterios para la revisión judicial de estos procedimientos informales, aunque no están explícitamente dispuestos en la ley, se rigen por los principios generales que permiten a los tribunales ejercer esa función con efectividad.

Es principio reconocido que en la revisión judicial otorgamos deferencia a las decisiones administrativas por razones de especialización de la agencia en las controversias ante su consideración. Bajo esa norma de deferencia, nuestra función va dirigida principalmente a determinar si la agencia actuó de manera arbitraria, ilegal o tan irrazonable que su actuación constituye un abuso de discreción. *Fuertes y otros v. A.R.P.E.,* ___ D.P. R. ___, (1993), **93 J.T.S. 165,** pág.11385; *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975). Las determinaciones de hechos se sostendrán siempre que se basen en evidencia sustancial que obre en el expediente y las conclusiones de derecho se revisarán en todos sus aspectos por el tribunal. Sección 4.5 de la L. P.A.U., 3 L.P.R.A., sec. 2175.

Para que el tribunal pueda revisar una decisión administrativa, la agencia tiene que exponer las razones que tuvo para disponer de la forma en que lo hizo. En procedimientos adjudicativos informales de la naturaleza del que tratamos, una explicación de las bases sobre las que descansa su decisión se hace necesaria, de forma que el tribunal tenga fundamentos para hacer la determinación en cuanto a si ésta es arbitraria o caprichosa. Aunque no se exige una explicación basada en determinaciones de hechos a la manera de los procedimientos formales de adjudicación, en los que hay desfile de prueba en vista, en la adjudicación de procedimientos informales deben mediar razones suficientes que pongan en conocimiento a las partes y al tribunal de los fundamentos que propiciaron tal decisión. Véase a esos efectos *Pension Benefit Corporation v. LTV Corporation,* 110 S. Ct. 2668 (1990). Davis & Pierce, *Administrative Law Treatise,* 3ra. ed., 1974, Tomo I, págs. 392- 394.

## III

Tomando en cuenta las normas previamente reseñadas, consideremos los planteamientos en este recurso.

De entrada, dejamos consignado que no hay base alguna en el expediente ni en los planteamientos del recurrente, que sostengan su alegación de que OCAM no tomó en cuenta los objetivos de la ley federal al distribuir los fondos, por lo que no intervendremos en dicha alegación.

No obstante, pasamos a considerar lo relacionado con los fundamentos de la resolución. En su resolución, OCAM discutió los señalamientos del municipio respecto a que su propuesta cumplía con los requisitos bajo el plan de acción, y determinó que aunque el municipio estableció la justificación y necesidad de los proyectos, se evaluaban varios factores mediante un proceso de competitividad entre todos los proyectos de los municipios *"non-entitlement".* En definitiva, indicó como fundamento que la decisión fue a base de la relación de la propuesta del municipio con las de los otros.

Aunque OCAM señaló en la resolución que el municipio no presentó documentos adicionales, no hay señalamientos respecto a insuficiencia de éstos o incumplimientos de ley. Por tanto, la decisión en este caso está estrechamente ligada a las puntuaciones otorgadas en el proceso evaluativo. Aun cuando OCAM en su oposición

indica que el municipio tuvo conocimiento de la puntuación adjudicada a cada proyecto de su propuesta desde agosto de 1998, esa información no está sustentada en el expediente. Es precisamente ese uno de los señalamientos del recurrente al indicar en su recurso que al 3 de marzo de 1999 no se le había certificado la puntuación de su propuesta, lo que solicitó por comunicación, copia de la cual acompaña con el recurso, Apéndice XIII del recurso, págs. 359-360.

El recurrente tiene razón en que esa información es relevante a su planteamiento sobre la denegatoria de los fondos. El argumento de OCAM de que el reclamo de la puntuación no fue presentado en la reconsideración, obvia el contenido de dicha reconsideración, que se basó en planteamientos sobre los proyectos, con miras a resaltar los criterios bajo los que se evaluaron y se les otorgó puntuación. Además, la competitividad en que se basó la denegatoria presupone la consideración de las puntuaciones de unos y otros proyectos de los municipios. Toda vez que el expediente no sustenta que al municipio se le proveyó la información sobre la puntuación de sus proyectos, lo que solicitó, ni la resolución recurrida contiene expresión sobre el particular, al recurrente no se colocó en posición, como tampoco a este Tribunal, de conocer si medió base sustancial en el expediente para la decisión recurrida. Por ende, la resolución es insuficiente, al no permitir que se evalúe si es arbitraria, caprichosa o ilegal.

En definitiva, el fundamento de que no se se otorgaron los fondos por los resultados obtenidos por los proyectos del municipio en relación con los demás proyectos sometidos no cumple con el requisito de razón suficiente en qué basar la decisión en un procedimiento informal.

En nuestra resolución de 4 de junio de 1999, en el caso de *Municipio de Naranjito v. O.C.A.M.,* Núm. KLRA-99-00100, en el que también se cuestionó la denegatoria de los fondos federales en cuestión, encontramos que contrario a este caso, en ése OCAM proveyó la información de la puntuación y expresó razones suficientes en la resolución para sostener la denegatoria. Por eso expresamos que no podíamos concluir que la determinación de OCAM en dicho caso fue arbitraria y caprichosa, lo que no estamos en posición de determinar aquí.

## IV

En virtud de lo anteriormente expuesto, se expide el auto, se deja sin efecto la resolución recurrida y se devuelve el caso a OCAM para que incluya en la resolución fundamentos que provean información razonable y adecuada en la que se basó la denegatoria, incluyendo la puntación de los proyectos de la propuesta del Municipio de Aibonito.

Lo acordó el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General